# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FESTUS O. OHAN,

        Plaintiff,

v.

CHIMEZIE C. DURUHESIE, *et al.,*

        Defendants.

Case No. 3:23-cv-00176-SLG

## ORDER OF DISMISSAL

On August 1, 2023, self-represented litigant Festus O. Ohan ("Plaintiff") filed a civil complaint ("Complaint") and paid the filing fee.[1] Plaintiff names Chimezie C. Duruhesie, Chigbo M. Eze, Rose N. Emegwa, Victor Dranusi, and Victoria Ikpa as Defendants.[2] Plaintiff alleges he has "been kidnapped and manhandled since Spring of 1960/1961."[3] While the Court must liberally construe filings by self-represented litigants, it need not allow plaintiffs to defy the fundamental basics of pleading. To the extent the Court can decipher the Complaint, it is immediately apparent that the Complaint is fundamentally flawed.

Although non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A screening requirements when the filing fee is paid, the Court retains the

---

[1] Docket 1.

[2] Docket 1 at 2.

[3] Docket 2.

inherent authority to dismiss a claim for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8")[4] or for lack of jurisdiction.[5] To avoid dismissal, a plaintiff must make a legal sufficient showing of jurisdictional facts.[6] For the reasons explained below, Plaintiff's Complaint is dismissed and all pending motions are denied as moot.

## DISCUSSION

### I. Failure to State a Claim Upon Which Relief Can Be Granted

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[7] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[8] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.[9] A complaint seeking relief from a federal court must be clear. It must be legibly handwritten or typewritten and have margins of at least one inch around all text.[10] A complaint should set out each claim for relief separately and include

---

[4] Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).

[5] See *United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction.").

[6] *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987).

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[9] *Ashcroft*, 556 U.S. at 678.

[10] *See* Alaska L. Civ. R. 7.5.

Case No. 3:23-cv-00176-SLG, *Ohan v. Duruhesie, et al.*
Order of Dismissal
Page 2 of 5
Case 3:23-cv-00176-SLG   Document 3   Filed 09/26/23   Page 2 of 5

specifics about how each named defendant is involved in causing an injury to the plaintiff.[11] There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed injury.[12] The Court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[13]

The Complaint here is neither short nor plain and does not set forth facts that could state a viable claim for relief. Plaintiff's narrative contains unintelligible claims involving mayhem, kidnapping, conspiracy, FBI profiling, trains carrying treasure, polygamy, poisoning, the Nigerian Mafia, Queen Shiba, Vatican City, payroll crimes, murder, robbery, illegal contracts, and cannibalism.[14] The Complaint fails to explain (1) the specific harm that occurred to Plaintiff, (2) when that harm occurred, (3) where that harm was caused, and (4) who Plaintiff is alleging caused that specific harm to him.

Plaintiff's claims are unsupported by any cognizable legal theory, and the Court is unable to establish a basis for jurisdiction. Further, even if the Court could discern a claim, the events described appear to be facially time-barred by the

---

[11] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[12] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[13] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

[14] *See generally,* Docket 1.

Statute of Limitations.[15] If a claim is not filed within the applicable statute of limitations, dismissal is proper even if the plaintiff is self-represented.[16]

## II. Amendment is Futile

If a court dismisses a complaint, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[17] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[18] A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[19]

Plaintiff's claims are unsupported by any cognizable legal theory and are likely time-barred. Therefore, the Complaint must be dismissed. Because Plaintiff continues to demonstrate an inability to follow the applicable federal and local rules

---

[15] *See* Docket 1 at 3 (Claim 1: describing events that allegedly occurred in the 1980s); Docket 1 at 4 (Claim 2: describing events that allegedly occurred in 1961, 1979, 1081, and 2013); and Docket 1 at 5 (Claim 3: describing events that allegedly occurred from "Spring 1961 to present.").

[16] *See Holmes v. Forman,* 2023 WL 319918, at *3 (C.D. Cal. Jan. 19, 2023) (finding claims time-barred since "none of these later events have shed any new light on the conduct of Defendants that Plaintiff alleges violated his rights. In other words, as of more than 20 years ago, Plaintiff knew or should have known everything he knows now about the alleged conduct that is the basis of his action.").

[17] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[18] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[19] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

Case No. 3:23-cv-00176-SLG, *Ohan v. Duruhesie, et al.*
Order of Dismissal
Page 4 of 5
Case 3:23-cv-00176-SLG   Document 3   Filed 09/26/23   Page 4 of 5

and the directions of this Court and fails to present viable claims for the Court's adjudication, the Court finds amendment would be futile.[20]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED** for failure to state a viable claim for relief and allowing an opportunity to file an amended complaint would be futile;

2. All pending motions are **DENIED AS MOOT;** and

3. The Clerk of Court shall issue a final judgment.

DATED this 26th day of September 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[20] A review of the docket for the District of Alaska indicates that Mr. Ohan has filed a total of ten civil actions in 2022 and 2023 in addition to this case, all but one of which have been dismissed for failure to state a claim. That one case, filed in July 2023, *Ohan v. AXOS Bank, et al,* 3:23-cv-00161-SLG, has not yet been reviewed. *See Ohan v. Rettig*, 3:22-cv-00011-SLG; *Ohan v. Zion*, et al, 3:22-cv-00266-RRB; *Ohan v. Schmidt*, 3:22-cv-00182-JMK; *Ohan v. Rettig, et al,* 3:23-cv-00046-SLG; *Ohan v. American Medical Association, et al*, 3:23-cv-00047-SLG; *Ohan v. Fontoura*, 3:22-cv-00207-RRB; *Ohan v. ABN AMRO, et al,* 3:22-cv-00212-RBB; *Ohan v. U.S. Department of Justice, et al,* 3:22-cv-00221-RRB; *Ohan v. North Atlantic Treaty Organization, et al,* 3:22-cv-00226-RRB.

Case No. 3:23-cv-00176-SLG, *Ohan v. Duruhesie, et al.*
Order of Dismissal
Page 5 of 5
Case 3:23-cv-00176-SLG   Document 3   Filed 09/26/23   Page 5 of 5